UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

  -v-              No.  15 CR 651-LTS

XHEM HOTI,

    Defendant.

-------------------------------------------------------

XHEM HOTI,

    Petitioner,

  -v-              No.  19 CV 8805-LTS

UNITED STATES OF AMERICA,

    Defendant.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

On July 25, 2016, Defendant-Petitioner Xhem Hoti ("Petitioner") was convicted, upon a guilty plea, of carjacking, in violation of 18 U.S.C. § 2119, and was sentenced principally to a custodial term of 87 months' imprisonment.  (Docket Entry No. 77.)[1]  Petitioner now moves, pro se, pursuant to 28 U.S.C. § 2255, to vacate his conviction in light of the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and United States v. Davis, 139 S. Ct. 2319 (2019).

The Court has reviewed thoroughly the parties' submissions in connection with Petitioner's section 2255 motion.  For the following reasons, the motion is denied.

---

[1]  Unless otherwise noted, all docket citations are to Petitioner's criminal case, No. 15-CR-651.

BACKGROUND

On September 22, 2015, Petitioner was charged in a two-count indictment with carjacking, in violation of 18 U.S.C. section 2119(1) and 2, and possessing, carrying, and using firearms during and in relation to a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(ii) and 2.  (Docket Entry No. 1.)  On April 28, 2016, Petitioner pled guilty to Count 1 (i.e., carjacking in violation of 18 U.S.C. section 2119) only.  (Docket Entry No. 49.)  At his change of plea hearing, he read a written allocution into the record:

> On November 25, 2012, me and a couple others participated in a carjacking in Manhattan.  The car, a BMW, had been offered for sale on Craig's List. . . . Arrangements were made to meet the seller, with the intent to take the car from him by force or threats.  I knew that weapons would be used, if necessary, and that it was—I am sorry, your Honor—for[e]seeable to me that one or more of the participants would be harmed with a handgun.  At the time of the carjacking, I was posed as a mechanic, and a co-conspirator posed as the actual buyer.  The other co-defendants then ran up on the scene with various weapons, including a baseball bat and a handgun, one injuring him.  The handgun was waved at the sellers and the victims, but it was not discharged.  Another one of my co-defendants drove away with the BMW, and I left in a car driven by another accomplice.

(Id. at 32:24-33:15.)

On July 25, 2016, the Court sentenced Petitioner to a custodial term of 87 months' incarceration and three years of supervised release.  (Docket Entry No. 77.)

DISCUSSION

A defendant may challenge a federal criminal sentence "imposed in violation of the Constitution or laws of the United States" through a motion pursuant to 28 U.S.C. section 2255(a).  Where the Court concludes that the sentence imposed was "not authorized by law," the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him

or grant a new trial or correct the sentence as may appear appropriate" pursuant to 28 U.S.C. section 2255(b).

Petitioner challenges his sentence on the basis that "motor vehicle theft-carjacking is no longer constitutionally valid in light of" the Supreme Court's decisions in Johnson, Dimaya, and Davis.  (Docket Entry No. 99 at 5.)

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was impermissibly vague and its application would therefore violate the Due Process Clause of the Constitution.  576 U.S. at 606.  The residual clause of the ACCA defined a "violent felony" to include any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924(e)(2)(B)(ii) (Westlaw through P.L. 116-193).  Following Johnson, the ACCA's definition of a "violent felony" includes only any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (see 18 U.S.C. § 924(e)(2)(B)(i), the "Force Clause"), as well as certain enumerated offenses not at issue here. See 18 U.S.C.A § 924(e)(2)(B)(ii).

In Dimaya, "the Supreme Court held that the residual clause in the definition of 'crime of violence' under 18 U.S.C. § 16(b) was unconstitutionally vague under the Immigration and Nationality Act," and in Davis, it "invalidated the similarly-worded residual clause in 18 U.S.C. § 924(c)(3)(B) in light of Johnson and Dimaya."  McPherson v. United States, No. 19-CV-11036 (WHP), 2020 WL 2765914, at *5 (S.D.N.Y. May 28, 2020).

Petitioner was not convicted of violating any of the statutes at issue in Johnson, Davis, or Dimaya.  Instead, he was convicted of violating 18 U.S.C. section 2119, which applies when an individual, "with the intent to cause death or serious bodily harm[,] takes a motor

vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so."  18 U.S.C.A. § 2119 (Westlaw through P.L. 116-193).[2]  Petitioner has not provided, and the Court has not located, any authority bringing into question the constitutionality of section 2119 in light of Johnson, Davis, and Dimaya, or otherwise.  See United States v. Trupin, 117 F.3d 678, 685 n.3 (2d Cir. 1997) (collecting cases upholding section 2119 as constitutional).  Accord United States v. Sampson, 820 F. Supp. 2d 202, 240 (D. Mass. 2011) (collecting decisions from "circuit courts of appeal which have upheld the constitutionality of § 2119").  Absent any such authority, the Court concludes that 18 U.S.C. section 2119 remains a constitutional exercise of Congress's authority, that Petitioner's conviction for violation of that section was "authorized by law" for

---

[2]    Petitioner's claims that "the federal carjacking statute does not satisfy section 924(c)'s force clause" (Memorandum in Support of Habeas Corpus (Docket Entry No. 2 in Case No. 19-CV-8805) at 8), and that his offense level was impermissibly enhanced "pursuant to § 924(c)" (Docket Entry No. 105), provide no basis to vacate his conviction, because Petitioner was not convicted of violating section 924(c), and his offense level was not enhanced pursuant to section 924(c).  (See Docket Entry No. 75 ¶¶ 21-34.)  Even if Petitioner's sentence had been pursuant to or increased by the application of section 924(c), however, his motion would still fail, because courts since Johnson have consistently concluded that carjacking in violation of section 2119 constitutes a crime of violence as that term is used in section 924(c).  See, e.g., United States v. Jackson, 918 F.3d 467, 486 (6th Cir. 2019) ("the commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, [ ] carjacking constitutes a crime of violence under § 924(c)'s elements clause"); Estell v. United States, 924 F.3d 1291, 1292 (8th Cir. 2019) ("Bank robbery and carjacking both have as an element the use or threatened use of physical force, because each offense must be committed either 'by force and violence' or 'by intimidation,' which means the threat of force."), cert. denied, 140 S. Ct. 490 (2019); United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018) ("we conclude that the force clause encompasses Cruz's § 2119 convictions"), cert. denied, 139 S. Ct. 1391 (2019); United States v. Evans, 848 F.3d 242, 247 (4th Cir. 2017) ("The act of taking a motor vehicle 'by force and violence' requires the use of violent physical force, and the act of taking a motor vehicle "by intimidation" requires the threatened use of such force."); United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) ("the federal offense of carjacking is categorically a crime of violence under § 924(c)").

purposes of 28 U.S.C. section 2255(b), and that Petitioner's motion to vacate must therefore be denied.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. section 2255 is denied.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  28 U.S.C. § 2253(c)(2); <u>see also</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and accordingly, any application to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> with respect to the claims addressed in this Order is denied. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).

This Memorandum Order resolves Docket Entry No. 99 in Case No. 15-CR-651. The Clerk of Court is directed to close Case No. 19-CV-8805.

SO ORDERED.

Dated: New York, New York
        December 4, 2020

<u>/s/ Laura Taylor Swain</u>
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to**:

Xhem Hoti
Reg. No. 72855-054
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521